MARY ANN CLARK v. THOMAS HAINES.

The limitation of time within which an appeal is to be taken from the deter. mination of the orphans' court, to the prerogative court, under the twenty. first section of the act, entitled, "An act to ascertain the power and autho. rity of the ordinary and his surrogates," &c. (*Rev. Laws,* 776,) refers not to the filing of the petition of appeal in the prerogative court, but to the demanding and filing the appeal in the orphans' court.

The party appellant, upon making his appeal in the court below, should pro. cure all the necessary transcripts from that court, and file them, together with his petition of appeal, in the prerogative court, at the term next after the demand of the appeal in the court below.*

The appellant, in the prerogative court, is not required to deposit one hun. dred dollars to answer the costs of the appeal, according to the practice of the court of appeals.

APPEAL from a decree of the orphans' court of the county of Burlington, admitting to probate a paper writing purporting to. be the last will and testament of Franklin B. C. Budd, deceas-. ed. Rule to show cause why the appeal should not be dis-missed. The grounds relied upon in support of the rule, are. stated in the opinion of the ordinary.

*H. W. Green,* for respondent, in support of the rule.

*Wall,* for appellant, contra.

THE ORDINARY. The questions in this case arise upon an. appeal made from the orphans' court of the county of Burlington. The decree in the court below, was entered on the twenty-second of January, eighteen hundred and thirty-four. On the tenth of April, in the same year, the appellant filed her petition of appeal in this court in the usual form, and on the same day

---

* However salutary this direction may be, it is not complied with. The papers are seldom returned and filed at the next term after the appeal demand. ed. The practice is, upon filing the petition of appeal, to take a rule upon the surrogate, requiring him to return the papers.

[Clark v. Haines.]

obtained a rule upon the respondent to answer in forty days. At the succeeding July term, the appellant was ordered by a rule of this court to shew cause why her appeal should not be dismissed out of this court.

And in support of this rule, it is alleged on the part of the respondent, that the appeal should be dismissed for two causes; in the first place, because the appeal was not made within the thirty days prescribed by the act; and second, because the appellant had not made the deposite required.

As to the first point, it is admitted that the appellant demanded and filed her appeal before the orphans' court at the time of pronouncing the decree appealed from, but did not file her petition of appeal until the next regular term of this court.

The appeal was made under the twenty-first section of the act entitled "an act to ascertain the power and authority of the ordinary and his surrogates," &c., which authorizes an appeal to this court, "if demanded by any of the parties within thirty days after the sentence or decree of the orphans' court;" and the question is, whether this appeal was made in time, according to the true construction of that act. If the limitation as to time refers to the filing of the petition of appeal in this court, then the appeal should be dismissed, as it was not filed within the thirty days. But if it refers to the demand and filing the appeal in the orphans' court, then the appeal is properly before this court.

An appeal is correctly defined to be "the removal of a cause from one tribunal to a higher;" but this definition gives but little aid in solving the present question, for that appeal cannot be affected without the action of both of the tribunals; they must both be addressed, or appealed to; the one to send up the proceedings, and the other to receive them, and take jurisdiction of the cause. This definition does not ascertain to which of these appeals the limitation as to time refers.

Nor can we have much aid from examining the practice in England in analogous cases. It is indeed said that an appeal to the house of lords is to be signed by the counsel, and exhibited by way of petition, but that petition can be presented only

12*

[Clark v. Haines.]

during the fourteen first days of the session of parliament, unless the appeal be made from a decree which is pronounced whilst parliament is actually sitting.

In the state of New-York, in cases of appeal from the court of chancery to the court of errors, the practice is to file the appeal with the register or assistant register of the court of chancery, within the time prescribed by law; and this proceeding is considered as the appeal, and so treated and called in all the further proceedings in the cause; and upon filing this appeal with the register or assistant register, he is bound, without further order, to send the necessary papers up to the appellate court, at the session of which court the appellant presents his petition of appeal, when the transcripts and proceedings of the court below are brought in and filed with the clerk of the appellate court. And although the appellate court are not fully possessed of jurisdiction of the cause until the petition of appeal is presented to them, yet if the appellant neglects to file his petition of appeal after having filed his appeal in the court below, the appellate court will make an order on him that he present his petition within a limited time, or that it be not received: *Bradwell* v. *Weeks*, 1 *John. Chan. R.* 326. It is therefore evident, that for certain purposes, the appellate court are possessed of jurisdiction of the cause by virtue of the appeal to the court below, even before filing the petition of appeal.

The course of practice in our court of appeals, in cases of appeal from the court of chancery, is similar to that of New-York. By the sixty-second, sixty-third and sixty-fourth rules of the court of chancery, any person who wishes to appeal, is required to file his appeal with the clerk in chancery, and that proceeding is considered as the appeal. The petition of appeal is not to be filed until the next term of the court of appeals, and on the first or second day thereof; and in default of so doing, such appeal shall be considered as waived, and proceedings may thereon be had as if no appeal had been filed in the court below.

So far, therefore, as the practice of the court of appeals in the state of New-York or in this state can have any influence

[Clark v. Haines.]

upon this court, in establishing its practice, it leads to the conclusion that the limitation in our statute refers to the time of making and filing the appeal in the court below, and not to the time of filing the petition of appeal in this court. And if we refer to the practice in New-York, in case of appeal to the court of chancery from the sentence or decree of the surrogate, or from the decision of a circuit judge on appeal from a surrogate, we shall arrive at the same conclusion.

I find, however, that the practice in this court has been otherwise. In the case of *Mecray v. Richardson, one of my predecessors dismissed the appeal, because the petition of appeal had not been filed in this court within the thirty days; and in the case of †Delany v. Noble, Adm'r of Maher, my immediate predecessor dismissed the appeal for the same cause. From the great respect due to these opinions, and from a desire to maintain uniformity of practice, I was disposed to adopt the same course; and I probably should have so done if I had considered it within the power of this court to establish either course of practice at pleasure. But it is a matter which is regulated by statute, and I feel bound to establish the practice according to my views of the true construction of that statute.

Let us, then, examine the statute giving an appeal in this case. By the twenty-first section of the act, the sentence or decree of the orphans' court shall be "subject to an appeal to the prerogative court, if demanded by any of the parties within thirty days after the sentence or decree of the orphans' court; after which, if no appeal be demanded, the surrogate shall proceed thereon as the sentence of the orphans' court shall direct." And in the forty-third section of the same act, the surrogate is allowed a fee for "entering and filing appeals."

It may be true that an appeal, in its most extensive signification, may include the petition to the appellate court, and may not be considered as perfected until that petition is filed; but when the nature and form of the demand of appeal filed with the court below, and of the petition of appeal filed with the

* Decided by Seeley, ordinary, at July term, 1833.
† See ante, vol. ii. page 559.

appellate court, is considered, I cannot think that any reasonable doubt can exist of the intention of the legislature in using the terms "if demanded by any of the parties within thirty days." They would not have used the term "demanded," if they had referred to the petition of appeal. The term is not appropriate. Besides, the petition of appeal, in form, is not a demand, nor even a petition that an appeal should be granted. The usual form of the prayer of that petition is, that the sentence or decree of the court below should be reversed, assuming that the appeal is already made. But the appeal filed with the court below, is in its very terms, a demand of appeal. I am therefore of opinion that the limitation of thirty days, expressed in the act, refers to the time of demanding the appeal of the court below, and in cases of this kind, the party appellant upon making his appeal below, should procure all the necessary transcripts from that court, and file them in this court at the same time that he files his petition of appeal, which should be at the next term of this court after the appeal demanded below.

As to the other reason assigned, that the appellant had not deposited one hundred dollars, to answer costs, according to the practice in the court of appeals, I do not think it well founded. The court of appeals have ordered that the appellant shall deposit with the clerk in chancery, upon an appeal from a decree of that court, one hundred dollars, to answer the costs of appeal, if the appellants shall not prosecute the same to effect.

And it is competent for this court to establish a similar rule, but I cannot give that construction to the vague expression contained in the first rule of this court, "That the order of proceeding on the hearing of an appeal from an orphans' court to the ordinary, shall be the same as on appeals from the court of chancery to the court of errors and appeals." The right of appeal is guaranteed by the statute, and I cannot establish a practice which derogates so much from that right by a liberal construction of a rule so doubtful in its terms. It is a right which connot be taken away by a rule of this court, nor embarrassed by implication.

The rule to show cause must be discharged.